PETER A. NYQUIST (SBN 180953)
PNyquist@ggfirm.com
BRIAN E. MOSKAL (SBN 240704)
BMoskal@ggfirm.com
MARISA S. CHOY (SBN 311714)
MChoy@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
Telephone:  310.553.3610
Fax:  310.553.0687

Attorneys for Defendant and Counterclaimant
BROAN-NUTONE, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLAUSON SUPER MALL, INC.; KAYLA PROPERTIES, LLC; ETHAN 26, LLC; PACIFIC STAR PROPERTIES, LLC; LEADER GROUP ENTERPRISES, LLC; WALL STREET ENTERPRISES, LLC; and SSR, LLC, | Case No.  2:21-cv-7257-RAO<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Assigned To. Hon. Rozella A. Oliver<br><br>Complaint Filed: September 9, 2021 |
| Plaintiffs, | |
| v. | |
| BROAN-NUTONE, LLC a Delaware limited liability company, and DOES 1-10, | |
| Defendants. | |
| BROAN-NUTONE, LLC, | |
| Counterclaimant, | |
| v. | |
| SLAUSON SUPER MALL, INC.; KAYLA PROPERTIES, LLC; ETHAN 26, LLC; PACIFIC STAR PROPERTIES, LLC; LEADER GROUP ENTERPRISES, LLC; WALL STREET ENTERPRISES, LLC; and SSR, LLC, | |

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

10894-00002/4267982.3

| Counterclaim-Defendants. |
| --- |

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

1.   A.   <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B.   <u>GOOD CAUSE SETTLEMENT</u>

This action is likely to involve financial, technical and/or proprietary information, as well as confidential settlement communications among the parties, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the

STIPULATED PROTECTIVE ORDER
CASE NO. 2-21-CV-7257-RAO

10894-00002/4267982.3

1    intent of the parties that information will not be designated as confidential for

2    tactical reasons and that nothing be so designated without a good faith belief that it

3    has been maintained in a confidential, non-public manner, and there is good cause

4    why it should not be part of the public record of this case.

5          C.    ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER

6                SEAL

7          The parties further acknowledge, as set forth in Section 12.3, below, that this

8    Stipulated Protective Order does not entitle them to file confidential information

9    under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed

10   and the standards that will be applied when a party seeks permission from the court

11   to file material under seal.

12         There is a strong presumption that the public has a right of access to judicial

13   proceedings and records in civil cases.  In connection with non-dispositive motions,

14   good cause must be shown to support a filing under seal.  *See Kamakana v. City*

15   *and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen.*

16   *Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony*

17   *Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective

18   orders require good cause showing), and a specific showing of good cause or

19   compelling reasons with proper evidentiary support and legal justification, must be

20   made with respect to Protected Material that a party seeks to file under seal.  The

21   parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL

22   does not—without the submission of competent evidence by declaration,

23   establishing that the material sought to be filed under seal qualifies as confidential,

24   privileged, or otherwise protectable—constitute good cause.

25         Further, if a party requests sealing related to a dispositive motion or trial,

26   then compelling reasons, not only good cause, for the sealing must be shown, and

27   the relief sought shall be narrowly tailored to serve the specific interest to be

28   protected.  *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

STIPULATED PROTECTIVE ORDER
CASE NO. 2-21-CV-7257-RAO

10894-00002/4267982.3

1    2010).  For each item or type of information, document, or thing sought to be filed

2    or introduced under seal in connection with a dispositive motion or trial, the party

3    seeking protection must articulate compelling reasons, supported by specific facts

4    and legal justification, for the requested sealing order.  Again, competent evidence

5    supporting the application to file documents under seal must be provided by

6    declaration.

7    Any document that is not confidential, privileged, or otherwise protectable in

8    its entirety will not be filed under seal if the confidential portions can be redacted.

9    If documents can be redacted, then a redacted version for public viewing, omitting

10   only the confidential, privileged, or otherwise protectable portions of the document,

11   shall be filed.  Any application that seeks to file documents under seal in their

12   entirety should include an explanation of why redaction is not feasible.

13   2.    DEFINITIONS

14   2.1    Action:  this pending federal lawsuit.

15   2.2    Challenging Party:  a Party or Non-Party that challenges the

16   designation of information or items under this Order.

17   2.3    "CONFIDENTIAL" Information or Items:  information (regardless of

18   how it is generated, stored or maintained) or tangible things that qualify for

19   protection under Federal Rule of Civil Procedure 26(c), and as specified above in

20   the Good Cause Statement.

21   2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as

22   their support staff).

23   2.5    Designating Party:  a Party or Non-Party that designates information or

24   items that it produces in disclosures or in responses to discovery as

25   "CONFIDENTIAL."

26   / / /

27   / / /

28   / / /

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

STIPULATED PROTECTIVE ORDER
CASE NO. 2-21-CV-7257-RAO

10894-00002/4267982.3

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

STIPULATED PROTECTIVE ORDER
CASE NO. 2-21-CV-7257-RAO

10894-00002/4267982.3

2.15   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.   DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this Order do not extend beyond the commencement of the trial.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents,

STIPULATED PROTECTIVE ORDER
CASE NO. 2-21-CV-7257-RAO

10894-00002/4267982.3

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

1    items or communications for which protection is not warranted are not swept

2    unjustifiably within the ambit of this Order.

3            Mass, indiscriminate or routinized designations are prohibited.  Designations

4    that are shown to be clearly unjustified or that have been made for an improper

5    purpose (e.g., to unnecessarily encumber the case development process or to

6    impose unnecessary expenses and burdens on other parties) may expose the

7    Designating Party to sanctions.

8            If it comes to a Designating Party's attention that information or items that it

9    designated for protection do not qualify for protection, that Designating Party must

10   promptly notify all other Parties that it is withdrawing the inapplicable designation.

11           5.2    Manner and Timing of Designations.  Except as otherwise provided in

12   this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

13   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

14   under this Order must be clearly so designated before the material is disclosed or

15   produced.

16           Designation in conformity with this Order requires:

17           (a)    for information in documentary form (e.g., paper or electronic

18   documents, but excluding transcripts of depositions or other pretrial or trial

19   proceedings), that the Producing Party affix at a minimum, the legend

20   "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

21   contains protected material.  If only a portion of the material on a page qualifies for

22   protection, the Producing Party also must clearly identify the protected portion(s)

23   (e.g., by making appropriate markings in the margins).

24           A Party or Non-Party that makes original documents available for inspection

25   need not designate them for protection until after the inspecting Party has indicated

26   which documents it would like copied and produced.  During the inspection and

27   before the designation, all of the material made available for inspection shall be

28   deemed "CONFIDENTIAL."  After the inspecting Party has identified the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

7

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

1  documents it wants copied and produced, the Producing Party must determine

2  which documents, or portions thereof, qualify for protection under this Order.

3  Then, before producing the specified documents, the Producing Party must affix the

4  "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a

5  portion of the material on a page qualifies for protection, the Producing Party also

6  must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings

7  in the margins).

8          (b)  for testimony given in depositions, that the Designating Party

9  identifies the Disclosure or Discovery Material on the record, before the close of

10  the deposition, that constitutes protected testimony.

11          (c)  for information produced in some form other than documentary

12  and for any other tangible items, that the Producing Party affix in a prominent

13  place on the exterior of the container or containers in which the information is

14  stored the legend "CONFIDENTIAL."  If only a portion or portions of the

15  information warrants protection, the Producing Party, to the extent practicable,

16  shall identify the protected portion(s).

17      5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent

18  failure to designate qualified information or items does not, standing alone, waive

19  the Designating Party's right to secure protection under this Order for such

20  material.  Upon timely correction of a designation, the Receiving Party must make

21  reasonable efforts to assure that the material is treated in accordance with the

22  provisions of this Order.

23  6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

24      6.1     Timing of Challenges.  Any Party or Non-Party may challenge a

25  designation of confidentiality at any time that is consistent with the Court's

26  Scheduling Order.

27      6.2     Meet and Confer.  The Challenging Party shall initiate the dispute

28  resolution process under Local Rule 37.1 *et seq.*

STIPULATED PROTECTIVE ORDER
CASE NO. 2-21-CV-7257-RAO

10894-00002/4267982.3

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

STIPULATED PROTECTIVE ORDER
CASE NO. 2-21-CV-7257-RAO

10894-00002/4267982.3

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1    (c) Experts (as defined in this Order) of the Receiving Party to whom

2    disclosure is reasonably necessary for this Action and who have signed the

3    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4    (d) the court and its personnel;

5    (e) court reporters and their staff;

6    (f) professional jury or trial consultants, mock jurors, and Professional

7    Vendors to whom disclosure is reasonably necessary for this Action and who have

8    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9    (g) the author or recipient of a document containing the information or

10   a custodian or other person who otherwise possessed or knew the information;

11   (h) during their depositions, witnesses, and attorneys for witnesses, in

12   the Action to whom disclosure is reasonably necessary provided: (1) the deposing

13   party requests that the witness sign the form attached as Exhibit A hereto; and

14   (2) they will not be permitted to keep any confidential information unless they sign

15   the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

16   agreed by the Designating Party or ordered by the court. Pages of transcribed

17   deposition testimony or exhibits to depositions that reveal Protected Material may

18   be separately bound by the court reporter and may not be disclosed to anyone

19   except as permitted under this Stipulated Protective Order; and

20   (i) any mediator or settlement officer, and their supporting personnel,

21   mutually agreed upon by any of the parties engaged in settlement discussions.

22   8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

23        IN OTHER LITIGATION

24   If a Party is served with a subpoena or a court order issued in other litigation

25   that compels disclosure of any information or items designated in this Action as

26   "CONFIDENTIAL," that Party must:

27   (a) promptly notify in writing the Designating Party. Such

28   notification shall include a copy of the subpoena or court order;

STIPULATED PROTECTIVE ORDER
CASE NO. 2-21-CV-7257-RAO

10894-00002/4267982.3

1  (b)  promptly notify in writing the party who caused the subpoena or

2  order to issue in the other litigation that some or all of the material covered by the

3  subpoena or order is subject to this Protective Order.  Such notification shall

4  include a copy of this Stipulated Protective Order; and

5  (c)  cooperate with respect to all reasonable procedures sought to be

6  pursued by the Designating Party whose Protected Material may be affected.

7  If the Designating Party timely seeks a protective order, the Party served with

8  the subpoena or court order shall not produce any information designated in this

9  action as "CONFIDENTIAL" before a determination by the court from which the

10  subpoena or order issued, unless the Party has obtained the Designating Party's

11  permission.  The Designating Party shall bear the burden and expense of seeking

12  protection in that court of its confidential material and nothing in these provisions

13  should be construed as authorizing or encouraging a Receiving Party in this Action

14  to disobey a lawful directive from another court.

15  9.  NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

16  PRODUCED IN THIS LITIGATION

17  (a)  The terms of this Order are applicable to information produced by

18  a Non-Party in this Action and designated as "CONFIDENTIAL."  Such

19  information produced by Non-Parties in connection with this litigation is protected

20  by the remedies and relief provided by this Order.  Nothing in these provisions

21  should be construed as prohibiting a Non-Party from seeking additional protections.

22  (b)  In the event that a Party is required, by a valid discovery request,

23  to produce a Non-Party's confidential information in its possession, and the Party is

24  subject to an agreement with the Non-Party not to produce the Non-Party's

25  confidential information, then the Party shall:

26  (1)  promptly notify in writing the Requesting Party and the

27  Non-Party that some or all of the information requested is subject to a

28  confidentiality agreement with a Non-Party;

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

STIPULATED PROTECTIVE ORDER
CASE NO. 2-21-CV-7257-RAO

10894-00002/4267982.3

1    (2)  promptly provide the Non-Party with a copy of the

2    Stipulated Protective Order in this Action, the relevant discovery request(s),

3    and a reasonably specific description of the information requested; and

4    (3)  make the information requested available for inspection by

5    the Non-Party, if requested.

6    (c)  If the Non-Party fails to seek a protective order from this court

7    within 14 days of receiving the notice and accompanying information, the

8    Receiving Party may produce the Non-Party's confidential information responsive

9    to the discovery request.  If the Non-Party timely seeks a protective order, the

10   Receiving Party shall not produce any information in its possession or control that

11   is subject to the confidentiality agreement with the Non-Party before a

12   determination by the court.  Absent a court order to the contrary, the Non-Party

13   shall bear the burden and expense of seeking protection in this court of its Protected

14   Material.

15   10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

16   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

17   Protected Material to any person or in any circumstance not authorized under this

18   Stipulated Protective Order, the Receiving Party must immediately (a) notify in

19   writing the Designating Party of the unauthorized disclosures, (b) use its best

20   efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the

21   person or persons to whom unauthorized disclosures were made of all the terms of

22   this Order, and (d) request such person or persons to execute the "Acknowledgment

23   and Agreement to Be Bound" that is attached hereto as Exhibit A.

24   11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

25   PROTECTED MATERIAL

26   When a Producing Party gives notice to Receiving Parties that certain

27   inadvertently produced material is subject to a claim of privilege or other

28   protection, the obligations of the Receiving Parties are those set forth in Federal

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

12

10894-00002/4267982.3

1   Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify

2   whatever procedure may be established in an e-discovery order that provides for

3   production without prior privilege review.  Pursuant to Section (i) of the parties'

4   Joint Rule 26(f) Report filed as Dkt. No. 22 on December 29, 2021, pursuant to

5   Federal Rule of Evidence 502(e), the Parties have agreed that documents protected

6   by the attorney-client privilege or that constitute work product that are inadvertently

7   produced shall be returned to the Producing Party, and the inadvertent production of

8   the privileged or work-product protected document shall not be a waiver of such

9   protections, notwithstanding anything to the contrary contained in Federal Rule of

10  Evidence 502 or other rule governing inadvertent disclosure.

11  12.    MISCELLANEOUS

12       12.1    Right to Further Relief.  Nothing in this Order abridges the right of any

13  person to seek its modification by the Court in the future.

14       12.2    Right to Assert Other Objections.  By stipulating to the entry of this

15  Protective Order, no Party waives any right it otherwise would have to object to

16  disclosing or producing any information or item on any ground not addressed in

17  this Stipulated Protective Order.  Similarly, no Party waives any right to object on

18  any ground to use in evidence of any of the material covered by this Protective

19  Order.

20       12.3    Filing Protected Material.  A Party that seeks to file under seal any

21  Protected Material must comply with Local Civil Rule 79-5.  Protected Material

22  may only be filed under seal pursuant to a court order authorizing the sealing of the

23  specific Protected Material at issue.  If a Party's request to file Protected Material

24  under seal is denied by the court, then the Receiving Party may file the information

25  in the public record unless otherwise instructed by the court.

26  / / /

27  / / /

28  / / /

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

13

STIPULATED PROTECTIVE ORDER
CASE NO. 2-21-CV-7257-RAO

10894-00002/4267982.3

13.    FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

///
///
///
///
///
///
///
///
///

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

STIPULATED PROTECTIVE ORDER
CASE NO. 2-21-CV-7257-RAO

10894-00002/4267982.3

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

14.   <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:     February 11, 2022        GREENBERG GLUSKER FIELDS
                                    CLAMAN & MACHTINGER LLP


                                    By: /s/ Peter A. Nyquist
                                        PETER A. NYQUIST (SBN 180953)
                                        Attorneys for Defendant and
                                        Counterclaimant Plaintiff BROAN-
                                        NUTONE, LLC


ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4

The filer above attests pursuant to Local Rule 5-4.3.4 that concurrence in the filing of this document has been obtained from each of the other signatories hereto.


DATED:     February 11, 2022        EDGCOMB LAW GROUP, LLP


                                    By: /s/ Tiffany R. Hedgpeth
                                        TIFFANY R. HEDGPETH (SBN 175134)
                                        Attorneys for Plaintiffs Slauson Super
                                        Mall, Inc.; Kayla Properties, LLC; Ethan
                                        26, LLC, Pacific Star Properties, LLC;
                                        Leader Group Enterprises, LLC; Wall
                                        Street Enterprises, LLC and SSR, LLC


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: 02/14/2022

HON. ROZELLA A. OLIVER
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER
CASE NO. 2-21-CV-7257-RAO

10894-00002/4267982.3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California  90067

16

STIPULATED PROTECTIVE ORDER
CASE NO. 2-21-CV-7257-RAO